U.S. DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| MASSACHUSETTS BAY INSURANCE COMPANY,<br><br>Plaintiff,<br><br>v.<br><br>D.C.J.D. CORPORATION, d/b/a MARKEY INSURANCE GROUP and MICHAEL BRANCH HENDERSON,<br><br>Defendants. | Civil Action<br>File No.: |

# COMPLAINT

COMES NOW Massachusetts Bay Insurance Company, Plaintiff in the above-styled action, and shows this Honorable Court the following:

## PARTIES AND JURISDICTION

1.

Plaintiff Massachusetts Bay Insurance Company ("MBIC") is an insurance company with its domicile in New Hampshire and its principal place of business located at 440 Lincoln Street, Worcester, Massachusetts 01653. MBIC is one of the companies within the Hanover Insurance Group ("Hanover").

2.

D.C.J.D. Corporation d/b/a Markey Insurance Group ("Markey Insurance") is

a Georgia corporation with its principal place of business located in Fulton County, Georgia. It is therefore subject to the jurisdiction and venue of this Court. Markey Insurance can be served with process through its registered agent, Jack E. Markey, at 2650 Holcomb Bridge Road, Suite 740, Alpharetta, GA 30076.

3.

Upon information and belief, Michael Branch Henderson ("Mike Henderson") is a resident of Fulton County, Georgia and is therefore subject to the jurisdiction and venue of this Court. Based upon information and belief, he is also an employee of Markey Insurance.

**STATEMENT OF JURISDICTION AND VENUE**

4.

This Court has jurisdiction pursuant to 28 U.S.C. § 1332(a), because there is complete diversity of jurisdiction between the Plaintiff MBIC and the above-named Defendants and the matter in controversy exceeds the sum of $75,000.00.

5.

Venue is proper in this district pursuant to 28 U.S.C. § 1391.

6.

There is a real, substantial and justiciable controversy between the parties concerning their respective rights and obligations to an Agency Agreement between

MBIC and Markey Insurance.

## FACTS

### A.     THE FORMOSA ENTERPRISE POLICY

7.

On August 17, 2017, MBIC issued businessowners policy ODA-D082627-01 (hereinafter, "the Policy") to Formosa Enterprise, LLC ("Formosa") effective October 31, 2017 to 10/31/2018.

8.

The Policy was solicited and bound by Markey Insurance pursuant to its Agency Agreement with MBIC effective December 12, 2006.

9.

A true and correct copy of the Agency Agreement is attached hereto as Exhibit "A" and incorporated herein by reference.

10.

Georgia law must be applied in the interpretation of the MBIC insurance contract issued to a Georgia insured at the insured's address in Georgia. Federal Ins. Co. v. National Distributing Co., Inc., 203 Ga. App. 763 (1992); Brown v. Nichols, 8 F.3d 770 (11th Cir. 1993).

11.

Georgia law must be applied in the interpretation of the Agency Agreement.

### B.     THE UNDERLYING LAWSUIT

12.

On November 1, 2018, Larry Douglas and his spouse, Myra Ann Douglas, filed a complaint for damages against The Wine Store, Inc. and Christopher Hinton in the State Court of Fulton County, State of Georgia, assigned civil action number 18EV005286 (the "Douglas Complaint").

13.

The Douglas Complaint alleged that Larry Douglas sustained severe spine injuries as a result of tripping and falling while shopping at The Wine Store on June 30, 2018 (the "Accident"). Tragically, Mr. Douglas took his own life as a result of the pain he allegedly incurred from the Accident.

14.

At the time of the Accident, The Wine Store was owned, operated and managed by Formosa.

15.

On November 10, 2018, the state court entered an Order substituting Formosa as the party Defendant and the Douglas Complaint was amended on the same date.

16.

On November 19, 2018, a Fulton County Marshal served the Douglas Complaint on Formosa's registered agent, executing proper service of process pursuant to Georgia statute.

17.

On February 4, 2019, the state court granted Default Judgment against Formosa as to liability for the Accident, with damages to be proven at trial.

18.

The next action in the underlying lawsuit was a motion filed by Myra Ann Douglas requesting that she be substituted as the sole Plaintiff in the lawsuit, as Executor of the Estate of Larry Douglas, deceased on April 15, 2019.

19.

On October 11, 2019, Formosa filed a Motion to Open Default with supporting Affidavits from Adam Hwang (Exhibit B) and Rick Hein (Exhibit C).

20.

On November 20, 2019, the state court entered an Order denying Formosa's Motion to Open Default.

C. **NOTICE OF THE LAWSUIT TO MBIC**

21.

Adam Hwang, principal of Formosa, stated that he provided notice of the Accident and the Douglas lawsuit to his insurance agent, Defendant Mike Henderson, on the following occasions:

a) "Within the next several days" after the Accident, he told Mike Henderson that a customer had fallen at The Wine Store;

b) On November 19, 2018 he hand-delivered a copy of the complaint to Mike Henderson the same day it was served on Formosa;

c) On the day he received the Motion for Entry of Default Judgment in the mail, which was sometime during the week of January 28, 2019, he promptly hand-delivered it to Mike Henderson;

d) On the day he received the Motion to Substitute Plaintiff in the mail, which was sometime during the week of September 10, 2019, he promptly hand-delivered it to Mike Henderson;

22.

Adam Hwang also testified that Mike Henderson told him on November 19, 2018 and each subsequent occasion described above that Henderson and Markey Insurance would "take care of it" or handle the matter.

23.

MBIC's first notice of the underlying lawsuit was by e-mail from Mike Henderson on September 30, 2019. A copy of the email is attached to the Hein Affidavit and states "The insured would like to open a claim …"

24.

Rick Hein was the MBIC adjuster assigned to the Douglas claim on October 1, 2019 and the same day retained counsel to represent Formosa in the lawsuit pursuant to the Policy.

## COUNT I:

## BREACH OF CONTRACT

25.

MBIC incorporates by reference Paragraphs 1 through 24 as if the same were set forth at length herein.

26.

The Agency Agreement requires Markey Insurance to promptly report all claims to MBIC.

27.

Markey Insurance first received notice of the Accident in June 2018, and of the underlying lawsuit on November 19, 2018, by and through its agent Mike

Henderson, but did not notify MBIC of the Douglas claim until September 30, 2019.

28.

Markey Insurance breached the Agency Agreement by failing to promptly notify MBIC of the Douglas claim and underlying lawsuit.

29.

MBIC was presented with a policy limits demand in the amount of $1,000,000, seeking the Formosa policy limits on behalf of Douglas.

30.

At the time of the receipt of the demand, Formosa was in default, the motion to open default had been denied and Formosa was facing a trial in the Douglas action which clearly could of resulted in a jury verdict in excess of the MBIC policy.

31.

In order to protect its insured, Formosa from an excess verdict, MBIC had no choice, but to accept the demand and ultimately tendered and paid its $1,000,000 in exchange for a full release of Formosa.

32.

MBIC would have had the opportunity to dispute both liability and damages had Defendants provided MBIC notice of the suit against Formosa and allowed MBIC to timely provide Formosa with a defense, avoiding a default judgment.

33.

As a result of Defendants' breach of MBIC has been damaged in the amount of $1,000,000.

## COUNT II:

## NEGLIGENCE/ BREACH OF FIDUCIARY DUTY

34.

MBIC incorporates by reference Paragraphs 1 through 33 as if the same were set forth at length herein.

35.

Mike Henderson negligently failed to report the Douglas claim to MBIC. Doing so was a breach of the fiduciary duty Henderson had to MBIC.

36.

Mike Henderson knew or should have known that when Formosa reported the claim to him, reasonable care would require him to report that claim to MBIC.

37.

Further, even if at the time, Mike Henderson believed Formosa was reporting the *claim* to MBIC, when Formosa later reported the suit to Mike Henderson, reasonable care would have required that Mike Henderson inquired whether the initial claim had been reported to MBIC. Further, Mike Henderson should have

reported the suit or he should have affirmatively confirmed with Formosa that both the claim and the suit had been reported to MBIC.

38.

Defendant Markey Insurance is vicariously liable for the negligent actions and omissions of its agents and employees, including Mike Henderson, who was acting in the course and scope of his employment for the agency at all times relevant to this Complaint. Defendant Markey Insurance also had a fiduciary duty to MBIC which was breached by its negligence.

39.

Henderson's and Markey's negligence and breach of their fiduciary duties has prejudiced MBIC's ability to fully investigate the Douglas claim and defend its insured, Formosa, in the underlying lawsuit.

40.

This negligence and breach of fiduciary duty has damaged MBIC in an amount to be proven at trial.

WHEREFORE Plaintiff, MBIC, prays:

    a.    That it be awarded judgment for damages on the counts of Breach of Contract and Negligence in such amounts as will completely make it whole including, but not limited to the $1,000,000 policy limits paid to

      settle the Douglas suit;

b.     That it be awarded all reasonable attorney's fees and costs of litigation incurred by Plaintiff for the prosecution of this action;

c.     That it be awarded pre-judgment interest; and

d.     That the Court award such further relief as may be deemed appropriate.

**PLAINTIFF DEMANDS TRIAL BY JURY.**

This 11th day of March, 2021

                Goodman McGuffey LLP
                Attorneys for
                Massachusetts Bay Insurance Company

      By:    */s/ Stephanie F. Glickauf*
                STEPHANIE F. GLICKAUF
                GA State Bar No.: 257540
                sglickauf@GM-LLP.com
                3340 Peachtree Road NE, Suite 2100
                Atlanta, GA 30326-1084
                (404) 264-1500 Phone
                (404) 264-1737 Fax

U.S. DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| MASSACHUSETTS BAY INSURANCE COMPANY,<br><br>Plaintiff,<br><br>v.<br><br>D.C.J.D. CORPORATION, d/b/a MARKEY INSURANCE GROUP and MICHAEL BRANCH HENDERSON,<br><br>Defendants. | Civil Action<br>File No.: |

## CERTIFICATE OF SERVICE

This is to certify that I electronically filed this COMPLAINT with the Clerk of Court using the CM/ECF system.

This 11th day of March, 2021.

By: */s/ Stephanie F. Glickauf*
STEPHANIE F. GLICKAUF
GA State Bar No.: 257540
sglickauf@GM-LLP.com
3340 Peachtree Road NE, Suite 2100
Atlanta, GA 30326-1084
(404) 264-1500 Phone
(404) 264-1737 Fax