## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF GEORGIA
## ATLANTA DIVISION

MASSACHUSETTS BAY
INSURANCE COMPANY,

      Plaintiff,

v.

D.C.J.D. CORPORATION, d/b/a
MARKEY INSURANCE GROUP
and MICHAEL BRANCH
HENDERSON,

      Defendants.

Civil Action No.
1:21-cv-01002-VMC

## ORDER

Before the Court are the following motions:

- Motion for Partial Summary Judgment ("Pl.'s PMSJ," Doc. 47) filed by Plaintiff Massachusetts Bay Insurance Company ("MBIC");

- Motion for Summary Judgment ("Defs.' XMSJ," Doc. 52) filed by Defendants D.C.J.D. Corporation d/b/a Markey Insurance Group and Michael Branch Henderson (collectively, "Markey"); and

- Motion for Summary Judgment ("Henderson XMSJ," Doc. 53) filed by Michael Branch Henderson ("Mr. Henderson").

## Background

MBIC issued a "businessowners" insurance policy to Formosa Enterprises, LLC ("Formosa"). (Defs.' Statement of Undisputed, Material Facts in Support of Defs.' XMSJ ("Defs.' XMSJ SMF") ¶ 1; Pl.'s Resp. to Defs.' XMSJ SMF ("Pl.'s XMSJ RSMF") ¶ 1). Subject to the policy's terms, the insurance covered lawsuits based

on bodily injury that occurred from October 31, 2017 through October 31, 2018, among other scenarios.  (Defs.' XMSJ SMF ¶ 2; Pl.'s XMSJ RSMF ¶ 2).

The insurance contained two specific requirements for notifying MBIC of any lawsuit or any issue that may result in a lawsuit. The first provided: "You [i.e., Formosa] must see to it that we [i.e., MBIC] are notified as soon as practicable of an 'occurrence' or an offense which may result in a claim." (Defs.' XMSJ SMF ¶ 3; Pl.'s XMSJ RSMF ¶ 3). The second provided that: "If a claim is made of 'suit' is brought against any insured, you [i.e., Formosa] must: . . . Notify us [i.e., MBIC] as soon as practicable." (Defs.' XMSJ SMF ¶ 4; Pl.'s XMSJ RSMF ¶ 4). Both provisions quoted above required that Formosa provide notice to MBIC. (Defs.' XMSJ SMF ¶ 5; Pl.'s XMSJ RSMF ¶ 5).

On June 30, 2018, a customer fell at a liquor store owned by Formosa. (Defs.' XMSJ SMF ¶ 7; Pl.'s XMSJ RSMF ¶ 7). That customer served a lawsuit in state court on Formosa on November 19, 2018. (Defs.' XMSJ SMF ¶ 8; Pl.'s XMSJ RSMF ¶ 8). Formosa told Markey about the customer's fall and the suit but did not notify MBIC. (Defs.' XMSJ SMF ¶ 9; Pl.'s XMSJ RSMF ¶ 9).

On September 30, 2019, MBIC received notice of a lawsuit against Formosa. (Defs.' XMSJ SMF ¶ 10; Pl.'s XMSJ RSMF ¶ 10). Markey, not Formosa, notified MBIC. (Defs.' XMSJ SMF ¶ 11; Pl.'s XMSJ RSMF ¶ 11). Before notice to MBIC, a default judgment was entered against Formosa. (Defs.' XMSJ SMF ¶ 12; Pl.'s XMSJ

RSMF ¶ 12). Also, some time before notice to MBIC, the customer died by suicide. (Defs.' XMSJ SMF ¶ 13; Pl.'s XMSJ RSMF ¶ 13). MBIC accepted a demand to settle the lawsuit against Formosa for $1 million. (Defs.' XMSJ SMF ¶ 14; Pl.'s XMSJ RSMF ¶ 14). MBIC then sued Markey and Michael Henderson, asserting a "Breach of Contract" count and a "Negligence/Breach of Fiduciary Duty" count. (Defs.' XMSJ SMF ¶ 15; Pl.'s XMSJ RSMF ¶ 15).

In its lawsuit, MBIC alleged that because Markey knew about the customer's fall and the resulting lawsuit against Formosa, it breached a contract between Markey and MBIC and breached tort duties by not notifying MBIC earlier. (Defs.' XMSJ SMF ¶ 16; Pl.'s XMSJ RSMF ¶ 16). For its contract claim, MBIC alleges that Markey breached an agreement dated December 12, 2006 between MBIC and Markey. (Defs.' XMSJ SMF ¶ 17; Pl.'s XMSJ RSMF ¶ 17). The 2006 agreement applied to "Personal Lines." (Defs.' XMSJ SMF ¶ 18; Pl.'s XMSJ RSMF ¶ 18). The 2006 agreement provides that on the effective date, "[Markey] become[s] an Agent of the Company with authority to solicit, bind, issue and deliver policies of insurance that we are licensed to write for the product line(s) designated in the Schedule of Authority." (Defs.' XMSJ SMF ¶ 19; Pl.'s XMSJ RSMF ¶ 19).

The Schedule of Authority is dated December 12, 2006, states it is attached to the December 12, 2006 agreement, and designates "Personal Lines" only. (Defs.' XMSJ SMF ¶ 20; Pl.'s XMSJ RSMF ¶ 20). "Personal Lines" refers to insurance issued

to individuals like auto or home insurance. (Defs.' XMSJ SMF ¶ 21; Pl.'s XMSJ RSMF ¶ 21). The insurance issued to Formosa is a "[b]usinessowners" policy and is not "Personal Lines" insurance. (Defs.' XMSJ SMF ¶ 22; Pl.'s XMSJ RSMF ¶ 22). Other Schedules of Authority designate "Commercial Lines" as within Markey's authority, but those schedules refer to a December 12, 2009 agreement, not to the December 12, 2006 agreement. (Defs.' XMSJ SMF ¶ 23; Pl.'s XMSJ RSMF ¶ 23).[1]

## Legal Standard

Federal Rule of Civil Procedure 56(a) provides "[t]he court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law."

A factual dispute is genuine if the evidence would allow a reasonable jury to find for the nonmoving party. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). A fact is "material" if it is "a legal element of the claim under the applicable substantive law which might affect the outcome of the case." *Allen v. Tyson Foods, Inc.*, 121 F.3d 642, 646 (11th Cir. 1997).

The moving party bears the initial burden of showing the court, by reference to materials in the record, that there is no genuine dispute as to any material fact that should be decided at trial. *Hickson Corp. v. N. Crossarm Co.*, 357 F.3d 1256, 1260

---

[1] The Parties disagree whether this is a typographical error or a reference to a different agreement.

4

(11th Cir. 2004) (citing *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986)). The moving party's burden is discharged merely by "'showing'—that is, pointing out to the district court—that there is an absence of evidence to support [an essential element of] the nonmoving party's case." *Celotex*, 477 U.S. at 325. In determining whether the moving party has met this burden, the district court must view the evidence and all factual inferences in the light most favorable to the party opposing the motion. *Johnson v. Clifton*, 74 F.3d 1087, 1090 (11th Cir. 1996). Once the moving party has adequately supported its motion, the non-movant then has the burden of showing that summary judgment is improper by coming forward with specific facts showing a genuine dispute. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986). All reasonable doubts should be resolved in the favor of the non-movant. *Fitzpatrick v. City of Atlanta*, 2 F.3d 1112, 1115 (11th Cir. 1993). In addition, the court must "avoid weighing conflicting evidence or making credibility determinations." *Stewart v. Booker T. Washington Ins.*, 232 F.3d 844, 848 (11th Cir. 2000). When the record as a whole could not lead a rational trier of fact to find for the nonmoving party, there is no genuine dispute for trial. *Fitzpatrick*, 2 F.3d at 1115 (citations omitted).

On cross-motions for summary judgment, "[t]he standard of review . . . does not differ from the standard applied when one party files a motion, but simply requires a determination of whether either of the parties deserves judgment as a

matter of law on the facts that are not disputed." *Loiseau v. Thompson, O'Brien, Kemp & Nasuti, P.C.*, 499 F. Supp. 3d 1212, 1219 (N.D. Ga. 2020) (quoting *GEBAM, Inc. v. Inv. Realty Series I, LLC*, 15 F. Supp. 3d 1311, 1315–16 (N.D. Ga. 2013)). "The Court must consider each motion on its own merits, resolving all reasonable inferences against the party whose motion is under consideration. Cross-motions may . . . be probative of the absence of a factual dispute where they reflect general agreement by the parties as to the controlling legal theories and material facts." *Id.* (citing *U.S. ex rel. Saldivar v. Fresenius Med. Care Holdings, Inc.*, 972 F. Supp. 2d 1339, 1341 (N.D. Ga. 2013)).

## Discussion

Defendants seek summary judgment, and resist MBIC's partial request for summary judgment, on several grounds. First, that the payment that MBIC made on behalf of its insured was voluntary, because MBIC could have asserted a notice defense. Second, because MBIC cannot establish cause or damages for its claims because it would have had to tender policy limits anyway. Third, because the December 12, 2006 agreement did not apply to business lines of insurance. Fourth, because the economic loss doctrine bars MBIC's claims to the extent that they sound in negligence. And fifth, their breach of fiduciary duty claims fail because they were not under a fiduciary obligation to provide notice of claims.

Ultimately, the Court agrees with Defendants on the second of these arguments: that MBIC failed to rebut Defendants' evidence that MBIC cannot show that it would not have had to tender its policy limits in this case regardless of Defendants' actions, *i.e.*, it cannot show causation.[2]

Defendants retained an expert in insurance claim handling, Louis G. Fey, Jr. (*See* Doc. 38). At his deposition, Mr. Fey testified that, based on his review of this case, "there's no question in [his] mind that [MBIC] had to tender their policy limits on this case." (Deposition of Louis G. Fey, Jr. dated June 13, 2022 ("Fey Dep.") at 98:23-25, Doc. 67). In his report, he wrote that the "'claim had an extremely high level of jury appeal, making policy limits a foregone conclusion regardless of liability," and when asked "even if Formosa, the store, did nothing wrong that this would've been a one million-dollar case?", he testified that "[i]t would've been in excess of a million dollars." (*Id.* at 94:17-95:3).

In response, MBIC does not point to any expert evidence or testimony of its own. Instead, in its PMSJ brief, it argues that "Defendants deprived MBIC of the ability to investigate and assert these defenses" and therefore they "cannot now benefit from the lack of available information regarding potential liability defenses

---

[2] All of MBIC's causes of action require proof of damages caused by Defendants. (See Defs.' Br. XMSJ at 8 n.4) (citing *Norton v. Budget Rent A Car Sys., Inc.*, 705 S.E.2d 305, 306 (Ga. Ct. App. 2010); *Heston v. Lilly*, 546 S.E.2d 816, 818 (Ga. Ct. App. 2001); *Wells Fargo Bank, N.A. v. Cook*, 775 S.E.2d 199, 206 (Ga. Ct. App. 2015)).

when they caused this unavailability of information by their own breach." (Br.
Supp. MSJ at 13, Doc. 47-1). MBIC argues by analogy to spoliation, asserting that
the Court should adopt a presumption that, given the opportunity to conduct a
timely investigation, it would have discovered evidence to support a denial of
liability. (*Id.*) (citing *Cinema, Inc. v. Walker*, 605 S.E.2d 850 (Ga. Ct. App. 2004);
O.C.G.A. § 24-14-22).

"[F]ederal law governs the imposition of sanctions for failure to preserve
evidence in a diversity suit." *Flury v. Daimler Chrysler Corp.*, 427 F.3d 939, 944 (11th
Cir. 2005). However, the Eleventh Circuit has held that "Georgia law provides
some guidance . . . [and] is wholly consistent with federal spoliation principles."
*Id.* at 944. "Spoliation sanctions—and in particular adverse inferences—cannot be
imposed for negligently losing or destroying evidence." *Tesoriero v. Carnival Corp.*,
965 F.3d 1170, 1184 (11th Cir. 2020). "Indeed, 'an adverse inference is drawn from
a party's failure to preserve evidence only when the absence of that evidence is
predicated on bad faith.'" *Id.* (quoting *Bashir v. Amtrak*, 119 F.3d 929, 931 (11th Cir.
1997)). "And bad faith 'in the context of spoliation, generally means destruction
for the purpose of hiding adverse evidence.'" *Id.* (quoting *Guzman v. Jones*, 804 F.3d
707, 713 (5th Cir. 2015)). "This consideration is key in evaluating bad faith because
the party's reason for destroying evidence is what justifies sanctions (or a lack
thereof)." *Id.* "Mere negligence is not enough, for it does not sustain an inference

of consciousness of a weak case." *Id.* (quoting *Vick v. Tex. Emp't Comm'n*, 514 F.2d 734, 737 (5th Cir. 1975)).

MBIC does not point to any evidence of Defendants' bad faith. In contrast, it appears Defendants encouraged Formosa to report its claim to MBIC "several times." (Defs.' Resp. to PMSJ at 17). Moreover, MBIC's purported evidence that the store employees did not find any foreign objects at the scene of the accident or that the customer was a regular customer is just "speculation" which "cannot create a genuine dispute of material fact to defeat summary judgment." *Espinoza v. Target Corp.*, 843 F. App'x 168, 173 (11th Cir. 2021).[3] MBIC has thus failed to meet its burden on summary judgment.

## Conclusion

For the above reasons, it is

**ORDERED** that Plaintiff's Motion for Partial Summary Judgment (Doc. 47) is **DENIED**. It is

---

[3] MBIC also points to the Fulton County Superior Court's Order entered November 20, 2019 which found these "contentions [were] sufficient to establish a meritorious defense under O.C.G.A. § 9-11-55." (Doc. 47-14). The Court "may take judicial notice of a document filed in another court 'not for the truth of the matters asserted in the other litigation, but rather to establish the fact of such litigation and related filings.'" *United States v. Jones*, 29 F.3d 1549, 1553 (11th Cir. 1994) (quoting *Liberty Mut. Ins. Co. v. Rotches Pork Packers, Inc.*, 969 F.2d 1384, 1388–89 (2d Cir.1992)). Therefore, even if the Court could take judicial notice of the Fulton County Superior Court's order, it would be improper to rely on it in the manner MBIC suggests.

**FURTHER ORDERED** that Defendants' Motion for Summary Judgment (Doc. 52) is **GRANTED**. It is

**FURTHER ORDERED** that Defendant Henderson's Motion for Summary Judgment (Doc. 53) is **GRANTED** to the extent it incorporates Defendant's XMSJ (Doc. 52).

The Clerk is **DIRECTED** to enter judgment in favor of Defendants and against Plaintiff and to close the case.

**SO ORDERED** this 28th day of March, 2023.

_____
Victoria Marie Calvert
United States District Judge

10